## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JESSIE JAMES YODER,**

     **Plaintiff,**

**vs.**                                             **No. 2:20-cv-01242 JCH/GJF**

**CITY OF LAS CRUCES,**

     **Defendant.**

## DEFENDANT CITY OF LAS CRUCES' MOTION FOR
## JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Defendant City of Las Cruces, by and through the City Attorney's Office (Robert A. Cabello, Deputy City Attorney), and hereby files this Motion for Judgment on the Pleadings to dismiss the claim contained in the complaint filed by the Plaintiff, Jessie James Yoder, pursuant to FED. R. CIV. P. 12(c), and as grounds states:

### Introduction

Plaintiff's complaint alleges in its entirety "[he] was downtown on December 26, 2019 and two police officers approached[,] forced [his] arm behind [his] back and the other beat [him] in the chest[1]." This allegation constitutes civil rights violations, pursuant to the Constitution of the United States of America, 42 U.S.C. §§ 1983 and 1988. Plaintiff named the City of Las Cruces as the Defendant. However, "a municipality is liable only when the official policy is the moving force behind the injury alleged." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (1998) (citing *Board*

---

[1] The complaint is handwritten, and the last word is difficult to read. Defense counsel believes the word is "chest". Presumably, it is some other body part if not the chest. The specific body part is not relevant to analysis for judgment on the pleadings.

*of County Comm'rs v. Brown*, 520 U.S. 397, —, 117 S. Ct. 1382, 1388.  Plaintiff's complaint does not enumerate any policy or action by the City of Las Cruces.  Hence, Plaintiff's complaint fails to state a claim upon which relief can be granted, and it should be dismissed subject to a judgment on the pleadings pursuant to FED. R. CIV. P. 12(c).

## Standards for Judgment on the Pleadings

"Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice."  *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 305 (2000).  A defense based on a failure to state claim can be raised with a motion for a judgment on the pleadings pursuant to FED. R. CIV. P. 12(h)(2)(B).  Motions for judgment on the pleadings are "functionally equivalent to motions to dismiss and are reviewed under the same standards."  *Estate of Stevens ex rel. Collins v. Board of Com'rs of . . .*, 53 F.Supp.3d 1368, 1373 (2014).  This Court should evaluate this Motion for Judgment on the Pleadings by:

> "[A]ccept[ing] all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party. A dismissal pursuant to 12(b)(6) will be affirmed only when it appears that the Plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."

*Nelson v. State Farm Mut. Auto.  Ins. Co.*, 419 F.3d 1117, 1120 (2005) (*quoting Clark v. State Farm Mut. Auto Ins. Co.*, 319 F.3d 1234, 1240. (internal citation and quotes omitted)).

During an analysis of a judgment on the pleadings the court's "decision rests primarily upon the allegations of the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint".  *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (2008) (internal quotations omitted).

## The Timing is Suitable for a Judgment on the Pleadings

A judgment on the pleadings must be filed "[a]fter the pleadings are closed — but early enough not to delay trial". FED. R. CIV. P. 12(c).  The pleadings are closed in this matter.  On October 28, 2020, Plaintiff filed his complaint with the Third Judicial District Court.   On November 30, 2020, the City of Las Cruces removed the complaint to this Court.  On December 4, 2020, the City answered Plaintiff's complaint.   According to the Clerk's Minutes for Telephonic Rule 16(c) Hearing (Doc. 19), the time for either party to amend their pleadings as a matter of course pursuant to FED. R. CIV. P. 15(a) has expired.  This motion cannot delay trial because it has not been set.

## The City of Las Cruces' Position Regarding Undisputed Material Facts

In its answer the City of Las Cruces denied the allegations contained in Plaintiff's compliant.  For the purposes of this motion only, the City deems the allegations in Plaintiff's complaint as undisputed[2] because the Court must "accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Nelson v. State Farm Mut. Auto.  Ins. Co.*, 419 F.3d 1117, 1120 (2005) (*quoting Clark v. State Farm Mut. Auto Ins. Co.*, 319 F.3d 1234, 1240. (internal citation and quotes omitted)). Aside from this motion, the City of Las Cruces continues to deny the allegations in Plaintiff's complaint.

After investigation, it is the position of defense counsel that the events alleged in Plaintiff's complaint never occurred.  There are no police records documenting the events alleged in Plaintiff's complaint or an encounter with Plaintiff on December 26, 2019.  There are a few police reports regarding Plaintiff, but the events described therein do not occur at or near the location

---

[2] "Any party may move for judgment on the pleadings **if no material facts are in dispute** and the dispute can be resolved on **both the pleadings and any facts of which the Court can take judicial notice.**" *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 305 (2000) (emphasis added).

alleged or even come close to describing a use of force incident.  Despite occurring outside of a public restaurant located downtown, there are no witnesses to the events alleged in Plaintiff's complaint.  There is no use of force report for the events alleged in Plaintiff's complaint.  The Mesilla Valley Reginal Dispatch Agency (MVRDA) does not have any record of the events alleged in Plaintiff's complaint.  Plaintiff never made a complaint to the Las Cruces Police Department (LCPD).  Therefore, the Professional Standards Unit (PSU), which is internal affairs, never investigated the events alleged in Plaintiff's complaint. The New Mexico State Police and the Doña Ana County Sheriff's Office do not have records regarding the events alleged in Plaintiff's complaint.

### "Undisputed" Material Facts

1.      Plaintiff's complaint alleges "[he] was downtown on December 26, 2019 and two police officers approached[,] forced [his] arm behind [his] back and the other beat [him] in the chest."

2.      The allegations in Plaintiff's complaint constitute civil rights violations, pursuant to the Constitution of the United States of America, 42 U.S.C. §§ 1983 and 1988.

3.      The City of Las Cruces is the named defendant in Plaintiff's complaint.

4.      The City of Las Cruces[3] is a municipal government entity.

### The City Cannot be Held Liable for the Allegations in Plaintiff's Complaint

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 695, 98 S. Ct. 2018, 56 L.Ed. 2d 611; s*ee also Barney v. Pulsipher*, 143 F.3d 1299, 1308 (1998) -

---

[3] The fact that the City of Las Cruces is a municipal government entity is not alleged in the complaint or the answer. However, this Court has the authority to take judicial notice of such fact. *See U.S. v. Byrne*, 171 F.3d 1231, fn. 1 (1999) - (The Tenth Circuit took judicial notice of the fact that the city of Clovis is located within Curry County, New Mexico.)

"The [City] may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees."   Liability in Section 1983 claims may only be premised on the personal involvement of the alleged wrongful actor. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir.2010) (citation omitted). Section 1983 does not authorize liability under a theory of *respondeat superior*. *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

In the instant matter, Plaintiff's complaint only alleges the action of individual officers. Plaintiff's complaint does not allege any action or policy of the City. Plaintiff's complaint does not allege any facts that could be interpreted as a *Monell* claim.   Therefore, Plaintiff's complaint fails to state a claim upon which relief can be granted.   As a matter of law, judgment on the pleadings should be granted in favor of City of Las Cruces pursuant to Fed. R. Civ. P. 12(c).

## **Relief Requested**

WHEREFORE, Defendants respectfully request the Court enter an order granting judgment on the pleadings as argued above; and for any other the Court deems necessary.

## **Plaintiff's Position on This Motion**

Pursuant to LR-CV-7.1(A), Plaintiff was contacted by email and he opposes this motion.

## **Citations**

Pursuant to Fed. R. Civ. P. 7, the City's supporting points with citations are contained herein.

Respectfully submitted,

CITY OF LAS CRUCES

By: _____

Robert A. Cabello
Deputy City Attorney
rcabello@las-cruces.org
P.O. Box 20000
Las Cruces, NM  88004
(575) 541-2128
(575) 541-2017 Fax
*Attorney for Defendant*
*City of Las Cruces*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April 2021, I filed the foregoing using CM/ECF as more fully reflected on the Notice of Electronic Filing.

I further certify that on such date I served the foregoing on the following non-CM/ECF Participants in the manner indicated:

Via email and First-Class U.S. mail, postage prepaid, addressed as follows:

jessiejamesyoder@outlook.com

Jessie James Yoder
201 Montana #175
Las Cruces, NM  88005

_____
Robert A. Cabello