UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JESSIE JAMES YODER,

    Plaintiff,

v.                                                                              Civ. No. 20-1242 JCH/GJF

CITY OF LAS CRUCES,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER is before the Court on Defendant's Motion for Judgment on the Pleadings. ECF 24. The Motion was filed on Wednesday, April 21, 2021, and Plaintiff had until Monday, May 10, 2021—nineteen days later—to file his response.[1] Plaintiff, however, has still filed no response and has thus "consent[ed] to grant[ing] the motion." D.N.M.LR-Civ. 7.1(a).

Although Plaintiff has consented to the granting of this Motion, the Court has nevertheless conducted an independent review of the Motion and the record. Based on this review, the Court recommends that the Motion be **GRANTED** and the Complaint [ECF 1-2 at 8-9] **DISMISSED WITHOUT PREJUDICE**. The Court further recommends allowing Plaintiff to file a motion for leave to amend his Complaint. If Plaintiff fails to timely file such a motion, or if such a motion is later denied, the Court then recommends dismissing the Complaint with prejudice.

**I. BACKGROUND**

In October 2020, Plaintiff filed his Complaint [ECF 1-2 at 8-9] in New Mexico's Third Judicial District. This Complaint names the City of Las Cruces as the sole Defendant, requests a trial by jury, and seeks $125,000 in relief (in addition to interest and court costs). ECF 1-2 at 8.

---

[1] *See* D.N.M.LR-Civ. 7.4(a) (providing fourteen calendar days to file a response); Fed. R. Civ. P. 6(a), (d) (adding three days for service by mail and preventing the last day from landing on a weekend); *see also* ECF 26 (Defendant's May 14, 2021, notice that briefing on this Motion is complete).

The Complaint's allegations consist entirely of one sentence: "I was downtown on December 26, 2019 and two police officers approached[,] forced my arms behind my back and the other beat me in the chest." *Id.*

After Defendant removed this case and answered the Complaint, the Court held a Rule 16 status conference and issued a scheduling order on March 1, 2021. *See* ECFs 1, 6, 12, 16-21. The Court's scheduling order set a discovery deadline of June 25, 2021, and required Plaintiff to "move to amend pleadings and/or join additional parties" no later than March 8, 2021. ECF 20 at 1-2.

On April 21, 2021, Defendant filed the instant Motion requesting judgment on the pleadings. ECF 24. Defendant argues that because the Complaint alleges a 42 U.S.C. § 1983 civil rights violation—while "only alleg[ing] the action of individual officers" and not "any action or policy of the City"—it "does not allege any facts that could be interpreted as a *Monell* claim." *Id.* at 1-5; *see also id.* at 1 (observing that "a municipality is liable [under § 1983] only when the official policy is the moving force behind the injury alleged" (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Consequently, Defendant requests that the Court dismiss the Complaint because it "fails to state a claim upon which relief can be granted." *Id.* at 1-2.[2]

## II. APPLICABLE LAW

### A. General Pleading Standard

Although "[a] pro se litigant's pleadings are to be construed liberally," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), such a litigant must nevertheless "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Under the Federal Rules of Civil

---

[2] Although unnecessary to the Court's analysis, Defendant notes that "[a]fter investigation, it is the position of defense counsel that the events alleged in Plaintiff's complaint never occurred." *Id.* at 3; *see also id.* (also noting that "[t]here are no police records documenting the events alleged in Plaintiff's complaint or an encounter with Plaintiff on December 26, 2019").

Procedure "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Otherwise, a court may dismiss such a claim for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6), (c), (h)(2).

A motion for judgment on the pleadings for a "failure to state a claim upon which relief can be granted" may be asserted "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c); 12(h)(2).  In addition, "[a] motion for judgment on the pleading under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000); *Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011) (noting that "[w]e use the same standard when evaluating 12(b)(6) and 12(c) motions" (quotation omitted)).

To survive such a motion for judgment on the pleadings, the claim for relief must "contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)).  The court must therefore "'assume the veracity' of the well-pleaded factual allegations 'and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see also Iqbal*, 556 U.S. at 678 (explaining that such well-pled "factual content [must] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

**B. Municipal Liability under § 1983**

Under 42 U.S.C. § 1983, any person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

3

Local governments are considered "persons" who may be liable under § 1983. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978). Nevertheless, "[i]t is well established that in a § 1983 case a city or other local governmental entity cannot be subject to liability at all unless the harm was caused in the implementation of 'official municipal policy.'" *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 1952 (2018) (quoting *Monell*, 436 U.S. at 691); *see also Barney*, 143 F.3d at 1307 (observing that a local government "may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees"). In other words, "a municipality cannot be held liable … solely because it employs a tortfeasor." *L.A. County v. Humphries*, 562 U.S. 29, 36 (2010) (quoting *Monell*, 436 U.S. at 691). "Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Jensen v. West Jordan City*, 968 F.3d 1187, 1204 (10th Cir. 2020) (quoting *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010)).

### C. Amendment of Pleadings

After an initial 21-day window to "amend its pleading once as a matter of course," a party may "amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). But if amending a pleading would change the court's scheduling order, then "[the] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).[3]

---

[3] "A party seeking leave to amend after a scheduling order deadline must satisfy both the Rule 16(b) and Rule 15(a) standards." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989-90 (10th Cir. 2019). "In practice," showing good cause under Rule 16(b) "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Id.* at 988 (quotation omitted). "Good cause" also "obligates the moving party to provide an adequate explanation for any delay." *Id.* (quotation omitted). "Rule 16's good cause requirement may be satisfied, for example, if [the movant] learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240. Under the Rule 15(a) standard, "[a] court may deny leave [to amend] . . . on account of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the

4

## III. ANALYSIS

The Court begins by "assum[ing] the veracity," *Iqbal*, 556 U.S. at 679, of Plaintiff's § 1983 allegation that on December 26, 2019, while at some (unidentified) "downtown" location (presumably in Las Cruces), two (unidentified) police officers (presumably from the Las Cruces Police Department, or at least working for or with the City of Las Cruces) "forced [his] arms behind [his] back [while] the other beat [him] in the chest." ECF 1-2 at 8.

Nevertheless, even assuming such facts to be true, the Court concludes that Plaintiff's Complaint still does not "contain *enough* allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Alpenglow*, 894 F.3d at 1195 (emphasis added). Specifically, the Complaint sets forth no factual allegations that "show [1] the existence of a municipal policy or custom [or] … [2] a direct causal link between the policy or custom and the injury alleged." *Jensen*, 968 F.3d at 1204; *see* ECF 1-2 at 8-9. Absent such facts, Defendant "cannot be subject to liability at all [under § 1983]"—as "the harm [must have been] caused in the implementation of official municipal policy." *Lozman*, 138 S. Ct. at 1952.[4] In other words, the Complaint lacks sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Consequently, the Complaint fails to state a claim upon which relief can be granted.

Because Plaintiff's deadline to amend his pleadings has passed, his options for amending his Complaint are at least significantly limited, if not completed precluded. *See* supra note 3.

---

amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quotation and alterations omitted).

[4] Although Plaintiff does not expressly label his Complaint as a § 1983 (or any other) cause of action, the Court "liberally," *Hall*, 935 F.2d at 1110, construes it as an attempt to assert a § 1983 cause of action (e.g., one based on the Fourth Amendment's prohibition against "excessive force in the course of making an arrest … or other 'seizure,'" *Graham v. Connor*, 490 U.S. 386, 388 (1989)). *See also* ECF 24 at 4 (Defendant also construing Plaintiff's Complaint as asserting a § 1983 cause of action).

Furthermore, in addition to failing to respond to Defendant's Motion, Plaintiff has never requested leave to amend his Complaint. For its part, Defendant has not expressly requested, nor presented this Court with an argument, that the Court should—at this stage—dismiss Plaintiff's Complaint with prejudice. *See* ECF 24 at 1-6. Consequently, to account for the (seemingly remote) possibility that Plaintiff wishes to amend his Complaint—and has the required justification to do so, *see* supra note 3—the Court will recommend allowing Plaintiff to file a motion for leave to amend his Complaint. Such an approach will allow the Court to better ascertain whether Plaintiff intends to amend his Complaint and, more importantly, whether he would be able to satisfy the criteria for filing an amended complaint past its deadline. *See supra* note 3. If, however, Plaintiff fails to timely file such a motion, or if such a motion is later denied, the Court then recommends dismissing the Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**IT IS THEREFORE RECOMMENDED** that this Court **GRANT** Defendant's Motion for Judgment on the Pleadings [ECF 24] by **DISMISSING** Plaintiff's Complaint [ECF 1-2 at 8-9] **WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be permitted to file a motion for leave to amend his Complaint no later than thirty (30) days after the Court's dismissal of Plaintiff's Complaint.

**IT IS FINALLY RECOMMENDED** that—if Plaintiff fails to timely file a motion to amend his Complaint or if such a motion is filed but subsequently denied—the Court dismiss Plaintiff's Complaint with prejudice.

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.